# IN THE UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BLAIR B. CHINTELLA, | § | CASE NO. 13-73481-bem |
| | § | |
| Debtor. | § | |
| | § | |

## COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO WITHDRAW HIS MOTION FOR SANCTIONS

**COMES NOW COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC** ("Comcast"), by and through its undersigned counsel, and hereby submits this Response in Opposition to Debtor's Motion to Withdraw his Motion for Sanctions and shows the Court as follows:

Comcast opposes Debtor's motion to withdraw his Motion for Sanctions for Violation of the Automatic Stay (ECF No. 33), unless the withdrawal is with prejudice. Debtor last-minute motion did not obviate the need for Comcast to respond, because his motion merely seeks permission from the court to withdraw his motion for sanctions for violation of the automatic stay. It does not even purport to be self-executing. Further, Debtor filed the motion in the adversary proceeding (ECF No. 9) and the main case (ECF No. 37), and both filings bear the

-1-

caption of the adversary proceeding. So it is unclear if Debtor even intended to file his motion in the correct location, his main bankruptcy case docket.

Debtor claims that he "seeks to withdraw this motion in order to conserve judicial resources as well as save Comcast and himself the legal time and expense associated with the hearing." At least as to Comcast, this claim is unsupported by fact. Comcast's response was due on Monday, March 24, 2014. Mr. Chintella served his motion by mail the prior Thursday. It was filed on Friday and entered on the CM/ECF docket on Monday, March 24, 2014, the due date of Comcast's opposition.[1] Comcast's counsel, by happenstance, checked his office's Saturday mail run on Sunday and saw a copy of the motion then. Of course, at that point, Comcast had substantially completed the opposition, as one would expect. Had Debtor wished to conserve resources of the Court and the litigants, he could have filed the motion much sooner, and notified Comcast by telephone or e-mail of the motion to withdraw even before he filed and served it. But he did nothing of the sort.

Notwithstanding Debtor's statements in the Motion to Withdraw, it is not clear why Debtor is attempting to withdraw his motion. Perhaps he fears an adverse ruling on the Motion, but that really is no reason given that he has nothing

---

[1] Debtor misstates Comcast's response deadline when he noticed his motion for sanctions. Comcast's response was due Monday, March 24, 2014. *See* BLR 9014-2(3).

- 2 -

to lose save his request for some fees be denied. And attempting to withdraw it without giving any timely notice to Comcast, and having his motion docketed the day Comcast's opposition was due, seems more disingenuous than charitable. Comcast has expended considerable time and effort opposing Debtor's motions for sanctions for violation of the automatic stay. To permit Debtor to withdraw his motion without prejudice would allow him to hold the threat of re-filing his motion over Comcast, having already forced Comcast to respond to the motion as the latest move in his campaign of vexatious litigation.

The Court has discretion to permit or impose conditions on a withdrawal of a motion. The Federal Rules of Civil Procedure (incorporated by reference here in part by Bankruptcy Rule 9014(c)) do not specifically address a party's ability to withdraw a motion once it has been filed with the Court. *See Robinson v. Worthington*, 544 F. Supp. 956, 963 (M.D. Ala. 1982). Robinson turned to FRCP 15, regarding amendment of pleadings by analogy. While a motion is subject to "timely" amendment, the right to amend is left to the discretion of the trial judge. *Id.*, 544 F. Supp. at 963 (citing 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil, § 1194 (1969)). The use of discretion is appropriate if the adverse parties will not be prejudiced by the amendment, or if the amendment is necessary

- 3 -

to insure that the case is adjudicated fairly and justly, or if it will help resolve the litigation at an early date. (*Id.*; *see* 5 Fed. Prac. & Proc. Civ. § 1194 (3d ed.)).

Accordingly, courts reject attempts to withdraw motions in order to avoid adverse determinations. *See In re Wellbutrin XL*, 268 F.R.D. 539, 544 (E.D. Pa. 2010) (permitting a dismissal of an action with prejudice, because "the avoidance of an adverse discovery ruling, however, is not a compelling grounds for dismissal without prejudice."); *In re Vitamins Antitrust Litigation*, 198 F.R.D. 296, 304 (D.D.C.2000) (finding the avoidance of a discovery obligation to be "largely inadequate" as a ground for a motion for voluntary dismissal and to be "somewhat indicative of bad faith"); *see also Heaberkorn v. Macrae*, 36 Misc. 2d 1072, 1073, 233 N.Y.S.2d 793, 795 (N.Y. Sup. Ct. 1962) (denying withdrawal of motion because "[a]fter a submission, i.e., a formal presentation of all or part of an application for the court's consideration . . . a party cannot withdraw such application without the consent of the court. . . . Ordinarily, the court will not permit the withdrawal of an application over the objection of the opposing party.").

Permitting dismissal without prejudice would prejudice Comcast, permitting Debtor to threaten additional litigation at a future date and potentially force Comcast to incur even more costs in responding to a motion for sanctions filed at a later date.

Comcast respectfully requests that, if Debtor wishes to withdraw his Motion, that the Court require the withdrawal be with prejudice.

This 26th day of March, 2014.

               **HAWKINS PARNELL THACKSTON & YOUNG LLP**

               */s/ Carl H. Anderson, Jr.*
               Michael J. Goldman
               Georgia Bar No.: 300100
               Carl H. Anderson, Jr.
               Georgia Bar No.: 016320

               *Counsel for Comcast Cable Communications Management, LLC*

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier: (404) 614-7500
E-mail:     mgoldman@hptylaw.com
           canderson@hptylaw.com

- 5 -

## IN THE UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BLAIR B. CHINTELLA, | § | CASE NO. 13-73481-bem |
| | § | |
| Debtor. | § | |
| | § | |

## CERTIFICATE OF COUNSEL

The undersigned hereby certifies that he has prepared the within and foregoing document in accordance with BLR 1001-3, LR 5.1, NDGa., and LR 7.1D, NDGa. Specifically, counsel certifies that he has used 14 point Times New Roman as the font in these documents except for footnotes in which he has used 12 point Times New Roman.

This 26th day of March, 2014.

                                            **HAWKINS PARNELL THACKSTON & YOUNG LLP**

                                            */s/ Carl H. Anderson, Jr.*
                                            Michael J. Goldman
                                            Georgia Bar No.: 300100
                                            Carl H. Anderson, Jr.
                                            Georgia Bar No.: 016320

                                            *Counsel for Comcast Cable Communications Management, LLC*

4000 SunTrust Plaza

11067356v1

303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone:  (404) 614-7400
Telecopier: (404) 614-7500
E-mail:     mgoldman@hptylaw.com
            canderson@hptylaw.com

- 2 -

11067356v1

IN THE UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | § | CHAPTER 7 |
| | § | |
| BLAIR B. CHINTELLA, | § | CASE NO. 13-73481-bem |
| | § | |
| Debtor. | § | |
| | § | |

### CERTIFICATE OF ELECTRONIC FILING AND SERVICE

The undersigned counsel of records hereby certifies that (s)he has this day electronically filed and served, or caused to be served, the within and foregoing **COMCAST CABLE COMMUNICATION MANAGEMENT, LLC'S RESPONSE IN OPPOSITION TO DEBTOR'S MOTION TO WITHDRAW HIS MOTION FOR SANCTIONS** in this Case on the Court's CM/ECF System and that he has served a courtesy copy of same upon counsel of record in these proceedings, by electronic filing on the Court's CM/ECF System, and/or by U.S. First Class Mail as required by instructions supplied on the Court's Electronic Filing Receipt. The undersigned further certifies that he has provided a copy by electronic mail, or U.S. Mail to the following persons:

- 1 -

11067356v1

**Debtor/Attorney for Debtor:**

Blair B. Chintella, Esq., appearing *pro se*
2483 Shoals Ter.
Decatur, GA 30034
Telephone:  (404) 931-2090
Telecopier:  None.
Email:       bchintel1@gmail.com

**Trustee:**

Robert Trauner, Esq.
1 Glenlake Parkway, NE, Suite 700
Atlanta, GA 30328-3496
Telephone:   (678) 638-6397
Telecopier:   (678) 638-6398
Email:        rtrauner9@gmail.com

**U.S. Trustee:**

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303
Telephone:  (404) 331-4437
Telecopier:  None listed.
Email:       None listed.

    This 26th day of March, 2014.

    **HAWKINS PARNELL THACKSTON & YOUNG LLP**

    */s/ Carl H. Anderson, Jr.*
    Michael J. Goldman
    Georgia Bar No.: 300100
    Carl H. Anderson, Jr.
    Georgia Bar No.: 016320

- 2 -

*Counsel for Comcast Cable Communications Management, LLC*

4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243
Telephone: (404) 614-7400
Telecopier: (404) 614-7500
E-mail: mgoldman@hptylaw.com
canderson@hptylaw.com

- 3 -

11067356v1