**IT IS ORDERED as set forth below:**

**Date: August 12, 2014**

_____

**Barbara Ellis-Monro
U.S. Bankruptcy Court Judge**

_____

## UNITED STATES BANKRUPCTY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | : | |
| | : | |
| BLAIR B. CHINTELLA, | : | CASE NO. 13-73481 |
| | : | |
| Debtor. | : | CHAPTER 7 |
| _____ | : | |
| | : | |
| COMCAST CABLE COMMUNICATIONS MANAGEMENT, LLC, | : | |
| | : | |
| Movant, | : | |
| | : | CONTESTED MATTER |
| v. | : | |
| | : | |
| BLAIR B. CHINTELLA, | : | |
| | : | |
| Respondent. | : | |
| _____ | : | |

**ORDER DENYING DEFENDANT'S MOTION FOR RECONSIDERATION OR
AMENDMENT AND GRANTING CLARIFICATION**

This matter is before the Court on the Debtor's "Motion for Reconsideration or

Amendment of Findings of Fact and/or Conclusions of Law" and the Movant's "Response in

Opposition to Debtor's Motion for Reconsideration or Amendment of Findings of Fact and/or Conclusions of Law." [Doc. Nos. 46, 48]. The Debtor's motion seeks amendment or reconsideration of the Court's Order entered on June 20, 2014, denying the Movant's motion for relief from stay [Doc. No. 44] (the "June Order").

BLR 9023-1 provides that "[m]otions for reconsideration shall not be filed as a matter of routine practice." As the language of the rule indicates, motions for reconsideration should not be filed as a matter of course, but only when absolutely necessary. *Pres. Endangered Areas of Cobb's History, Inc. v. U.S. Army Corps of Engineers*, 916 F. Supp. 1557, 1560 (N.D. Ga. 1995). More specifically, these motions should be reserved for limited situations, such as 1) the discovery of new evidence; 2) an intervening development or change in the controlling law; or 3) the need to correct a clear error or prevent manifest injustice. *Id.*

The Debtor has failed to present any new evidence or change in law that would support granting a motion for reconsideration. Similarly, the Debtor has failed to present a need to correct clear error or prevent manifest injustice. Instead, the Debtor's motion largely asks the Court for legal opinions and interpretations of District Court orders. This Court will not interpret orders of the District Court for the Debtor, nor will it amend or reconsider the June Order as the Court concludes the June Order was correctly decided.

To the extent that the Debtor's motion can be construed as a motion for clarification, the Court provides the following clarification with respect to the June Order: The Court's references to Orders of the District Court were included in the June Order to provide background and context for the proceeding in this Court. The Court does not and did not express any opinion or make any ruling regarding the underlying litigation, discovery disputes or hearings held or to be held in the District Court. Rather, the Court considered and decided whether a sanctions motion

2

filed by Comcast was excepted from the automatic stay of 11 U.S.C. § 362(a) as falling within the exception provided in 11 U.S.C. § 362(b)(4).

Accordingly, it is hereby

**ORDERED** that the Debtor's Motion for Reconsideration or Amendment of Findings of Fact and/or Conclusions of Law is **DENIED** and the Order entered on June 20, 2014 [Doc. No. 44] is **clarified** as provided above.

**[End of Order]**

Distribution List:

Blair B. Chintella
2483 Shoals Ter.
Decatur, GA 30034

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Office of the United States Trustee
362 Richard Russell Building
75 Spring Street, SW
Atlanta, GA 30303

Michael J. Goldman
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243

Carl H. Anderson, Jr.
4000 SunTrust Plaza
303 Peachtree Street, NE
Atlanta, Georgia 30308-3243